MYERS, J.,
for the Court:
¶ 1. James Granger was convicted, pursuant to a guilty plea, of sale of methamphetamine within fifteen hundred feet of a church in violation of Miss.Code Ann. § 41-29-142 (Rev.2000). He was sentenced by the Copiah County Circuit Court to serve eight years in the custody of the Mississippi Department of Corrections and to pay a fine of $5000. The trial court denied Granger’s request for post-conviction relief for lack of jurisdiction. Granger now appeals, arguing that the trial court did have jurisdiction to rule on the matter.
FACTS
¶ 2. On March 11, 1997, a Copiah county grand jury indicted Granger on a charge of sale of methamphetamine. The indictment alleged that, because the sale had occurred within 1500 feet of a church, the crime was within the province of Miss.Code Ann. § 41-29-142 (Rev.2000) and thus subject to an enhanced penalty of up to sixty years of incarceration and a two million dollar fíne. The indictment also alleged that Granger was subject to sentencing as an habitual offender under Miss.Code Ann. § 99-19-81 (Rev.2000). Following plea negotiations, Granger pled guilty to one count of sale of methamphetamine.
¶ 3. Granger subsequently sought post-conviction relief on October 14, 1999, asserting that his plea was not knowing, intelligent and voluntary. He submitted survey evidence indicating that the location of the alleged sale was 1,659.59 feet from a church. The crux of Granger’s argument was that, had he known that he could not be subjected to the enhanced penalty provided by § 41-29-142, he would not have pled guilty to the reduced charge of sale of methamphetamine. The circuit court denied the motion for post-conviction relief. Granger attempts to rehash this argument on appeal.
ANALYSIS
¶ 4. It should be noted that, in his quest for post-conviction relief, Granger did not seek a withdrawal of his guilty plea and a trial on the merits. Rather, he sought a reduction of his sentence. The circuit court cited lack of jurisdiction as its basis for denying Granger post-conviction relief. In doing so, the trial court reasoned that the basis proffered for relief was one that could have been raised prior to the entry of a guilty plea. We agree. Miss.Code Ann. § 99-39-21(1) (Rev.2000) states that
[fjailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which *295 were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Id.

¶ 5. Furthermore, the distance from the point of alleged sale to the church does not constitute newly discovered evidence such as would warrant re-opening the case. In order to succeed in a claim of newly discovered evidence, “the proponent must show that the evidence ‘has been discovered since the trial, that it could not have been discovered before the trial by the exercise of due diligence, that it is material to the issue, and that it is not merely cumulative, or impeaching.’ ” Ormond v. State, 599 So.2d 951, 962 (Miss.1992) (quoting Smith v. State, 492 So.2d 260, 263 (Miss.1986)). We do not see any reason why this evidence could not have been discovered prior to sentencing.
¶ 6. The trial court acted properly in denying the post-conviction relief, and its decision is affirmed.
¶ 7. THE JUDGMENT OF THE COPI-AH COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING AND CHANDLER, JJ., CONCUR.